[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10893
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00016-CDL-MSH-1


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

AARON SCARBOROUGH,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 22, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Aaron Scarborough appeals his sentence of imprisonment of 125 months following his plea of guilt to possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1). Scarborough argues that the district court erred in denying him an adjustment for acceptance of responsibility and that his sentence is substantively unreasonable. The government responds that Scarborough's appeal is barred by the appeal waiver in his written plea agreement, but the government fails to explain how the record establishes that the appeal waiver was entered knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351–52 (11th Cir. 1993). We affirm.

Scarborough argues that the district court clearly erred in denying him an adjustment for acceptance of responsibility because he pleaded guilty, agreed to cooperate with the government, and candidly discussed his actions with the district court, but this argument fails. We review the denial of an adjustment for acceptance of responsibility for clear error. United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004). The district court did not clearly err in determining that, based on his flight from pretrial supervision and return to criminal conduct before sentencing, Scarborough was not entitled to an adjustment for acceptance of responsibility.

2

Scarborough also argues that his sentence is substantively unreasonable, but we disagree. The district court did not abuse its discretion in discrediting Scarborough's purported acceptance of responsibility and imposing a sentence at the high end of the guideline range based on the seriousness of Scarborough's offense, his significant criminal history, his flight from pretrial supervision, and his return to criminal activity.

**AFFIRMED.**